UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BARBARA COUSINO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 1:17-CV-38-TLS |
| | ) |
| NANCY A. BERRYHILL, | ) |
| ACTING COMMISSIONER OF THE | ) |
| SOCIAL SECURITY | ) |
| ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Barbara Cousino seeks review of the final decision of the Acting Commissioner of the Social Security Administration (Commissioner) denying her application for disability insurance benefits and for supplemental security income. The Plaintiff puts forth one basis for remand. For the reasons that follow, the Court affirms the final decision of the Acting Commissioner.

**BACKGROUND**

On June 20, 2011, the Plaintiff filed applications for Title II and Title XVI benefits. (R. 19.) The applications resulted in an unfavorable determination on September 15, 2011, and the Plaintiff did not request reconsideration within the stated time period. (*Id.*)

On September 13, 2012, the Plaintiff filed a Title II application for a period of disability and disability insurance benefits, as well as a Title XVI application for supplemental security income. (*Id.*) In both applications, the Plaintiff alleged disability beginning September 15, 2009. (*Id.*) By alleging an onset of disability during the previously adjudicated period, the Plaintiff

made an implied request for reopening the prior applications. (*Id.*) These applications were denied initially on December 27, 2012, and upon reconsideration on February 4, 2013. (R. 222–69.) On January 31, 2014, the Plaintiff appeared with counsel before an Administrative Law Judge (ALJ), Cynthia Floyd, who rendered an unfavorable decision. (R. 270–84.) The Plaintiff requested that the Appeals Council review the ALJ's decision, and the Appeals Council granted this request. (R. 292–96.)

Thereafter, the Plaintiff appeared with counsel at another hearing in Fort Wayne, Indiana, in front of a different ALJ on August 5, 2015. (R. 19.) Robert S. Barkhaus, Ph.D., an impartial vocational expert (VE), also appeared and testified at the hearing by telephone. (*Id.*) On September 2, 2015, the ALJ denied the Plaintiff's application, finding she was not disabled through the date of the decision.[1] (R. 16–34.) The ALJ's decision became the final decision of the Commissioner on December 2, 2016, when the Appeals Council denied the Plaintiff's request for review. (R. 1–4.) On January 31, 2017, the Plaintiff filed this claim [ECF No. 1] in federal court against the Acting Commissioner of the Social Security Administration.

## THE ALJ'S FINDINGS

Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.§§ 423(d)(1)(A), 1382c(a)(3)(A). To be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her

---

[1] All citations to regulations in this Opinion and Order are to the versions of the regulations in effect on the date of the ALJ's decision, September 2, 2015.

previous work, but also any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. §§ 423(d)(2)(A), 1382c(a)(3)(B).

An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits. 20 C.F.R. §§ 404.1520, 416.920. The first step is to determine whether the claimant no longer engages in substantial gainful activity. *Id.* In the case at hand, the ALJ found that the claimant has not engaged in substantial gainful activity since the alleged onset date, September 15, 2009. (R. 22.)

In step two, the ALJ determines whether the claimant has a severe impairment limiting her ability to do basic work activities under §§ 404.1520(c), 416.920(c). In this case, the ALJ determined that the Plaintiff has the following severe impairments: lower back pain/lumbago/lumbar radiculopathy; leg spasticity, primarily on the left side, with left leg sciatica and peripheral neuropathy; left shoulder dysfunction; Raynaud's phenomenon; history of migraine headaches; depression/bipolar disorder; and anxiety/panic disorder. (*Id.*)

Step three requires the ALJ to "consider the medical severity of [the] impairment" to determine whether the impairment "meets or equals one of the [the] listings in appendix 1 . . . ." §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If a claimant's impairment(s), considered singly or in combination with other impairments, rise to this level, there is a presumption of disability "without considering [the claimant's] age, education, and work experience." §§ 404.1520(d), 416.920(d). But, if the impairment(s), either singly or in combination, fall short, the ALJ must proceed to step four and examine the claimant's "residual functional capacity" (RFC)—the types of things she can still do, despite her limitations—to determine whether she can perform "past relevant work" (§§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv)), or whether the claimant can "make an

adjustment to other work" given the claimant's "age, education, and work experience" (§§ 404.1520(a)(4)(v), 416.920(a)(4)(v)).

The ALJ determined that the Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairs in 20 C.F.R. Part 404, Subpart P, Appendix 1, and that she had the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a), 416.967(a), except that:

> [S]he needs a sit/stand option (which allows for alternating between sitting and standing up to every 30 minutes, if needed, but the positional change will not render the individual off task); only occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; never climbing ladders, ropes, or scaffolds; only occasional overhead reaching with the non-dominant left arm; no forceful grasping or gripping with the bilateral hands; avoid concentrated exposure to extreme cold, wetness, loud noise, vibration, pulmonary irritants (i.e. fumes, odors, dust, gases, poorly ventilated areas, and chemicals); and hazards (i.e. operational control of dangerous moving machinery, unprotected heights, and slippery/uneven/moving surfaces). Mentally, the claimant cannot understand, remember, or carry out detailed or complex job instructions, but can perform simple repetitive tasks on a sustained basis (meaning eight hours a day/five days a week, or an equivalent work schedule); no sudden or unpredictable workplace changes; needs work at a flexible pace (where the employee is allowed some independence in determining either the timing of different work activities, or pace of work); and, only casual/superficial interactions with others, including supervisors, coworkers, and the general public.

(R. 24.)

After analyzing the record, the ALJ concluded that the Plaintiff was not disabled from her alleged onset date through the date of the ALJ's decision (September 2, 2015). (R. 33.) The ALJ found that the Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms, but that the Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. (R. 25.) Finally, although the Plaintiff was unable to perform any past relevant work, the ALJ found that there were jobs that exist in significant

4

numbers in the national economy that the Plaintiff could perform given her age, education, work experience, and RFC. (R. 32–33.)

## STANDARD OF REVIEW

The decision of the ALJ is the final decision of the Commissioner when the Appeals Council denies a request for review. *Liskowitz v. Astrue*, 559 F.3d 736, 739 (7th Cir. 2009). The Social Security Act establishes that the Commissioner's findings as to any fact are conclusive if supported by substantial evidence. *See Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995). Thus, the Court will affirm the Commissioner's finding of fact and denial of disability benefits if substantial evidence supports them. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2009). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Henderson v. Apfel*, 179 F.3d 507, 512 (7th Cir. 1999).

It is the duty of the ALJ to weigh the evidence, resolve material conflicts, make independent findings of fact, and dispose of the case accordingly. *Richardson*, 402 U.S. at 399–400. The reviewing court examines the entire record; however it does not substitute its judgment for that of the Commissioner by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *See Diaz*, 55 F.3d at 305–06. The Court will "conduct a critical review of the evidence," considering both the evidence that supports, as well as the evidence that detracts from, the Commissioner's decision, and "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (internal quotations omitted).

When an ALJ recommends the denial of benefits, the ALJ must first "provide a logical bridge between the evidence and [the ALJ's] conclusions." *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009) (internal quotation marks and citation omitted). Though the ALJ is not required to address every piece of evidence or testimony presented, "as with any well-reasoned decision, the ALJ must rest its denial of benefits on adequate evidence contained in the record and must explain why contrary evidence does not persuade." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). However, if substantial evidence supports the ALJ's determination, the decision must be affirmed even if "reasonable minds could differ concerning whether [the claimant] is disabled." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

## ANALYSIS

The Plaintiff appears to raise a single issue on appeal, which is that the ALJ improperly weighed opinions by a psychological consultative examiner. The Plaintiff argues that if the ALJ had properly weighed the opinions by a psychological examiner, then the RFC would contain "off task" limitations. The Defendant disagrees, and asserts that the ALJ properly evaluated the opinion evidence and that substantial evidence supports the ALJ's decision.

An ALJ considers several factors when evaluating the opinion of a non-treating medical source, including whether the source examined the claimant, the supportability of the opinion, the consistency of the opinion with the record, and the specialization of the medical source. 20 C.F.R. §§ 404.1527(c), 416.927(c) (2015).

Dan L. Boen, Ph.D., is the only consultative psychological examiner in the record that provided a function-by-function limitation opinion concerning the Plaintiff. (R. 831–36.) On November 7, 2012, Dr. Boen performed a consultative psychological examination of the

Plaintiff. (*Id.*) In his report, he opined that the Plaintiff would have trouble remembering what she was asked to do on the job, and would not be able to concentrate or stay on task. (R. 836.) He further opined that the Plaintiff would be unable to get along with her coworkers or her boss, and assessed a Global Assessment of Functioning (GAF) score of 40. (R. 835–36.) The ALJ afforded Dr. Boen's opinion partial weight. (R. 29.)

The ALJ explained its reasoning for the partial weight. The ALJ observed that Dr. Boen's GAF score and medical source statement were not consistent with (1) other evidence of record and, importantly, (2) Dr. Boen's own clinical findings. (*Id.*) For example, Dr. Boen found that the Plaintiff had normal judgment and insight. (R. 29, 835.) Dr. Boen also observed that the Plaintiff also had normal consciousness, long term memory, and immediate recall, as well as a normal fund of information and level of intelligence. (*Id.*) The ALJ also determined that Dr. Boen found that the Plaintiff had moderately impaired concentration and short-term memory. (*Id.*) Dr. Boen also noted that the Plaintiff displayed appropriate affect and demeanor during his assessment. (R. 895.)

The ALJ explored other evidence in the record as well. For example, the ALJ noted that Amanda L. Mayle, Psy.D, examined the Plaintiff in 2011. (R. 29, 773–82.) Dr. Mayle found that the Plaintiff had adequate immediate and remote memory. (R. 29, 777.) Dr. Mayle also found that the Plaintiff was able to perform simple math calculations and that she had normal thought process and thought content. (*Id.*) However, Dr. Mayle also noted that the Plaintiff had a depressed mood and fluctuating affect, marginal recent memory, and mood instability. (*Id.*) In its analysis, the ALJ provided a detailed overview of the normal and abnormal findings made by Dr. Mayle, and noted that Dr. Mayle assessed a GAF of 50 for the Plaintiff. (R. 29.) The ALJ also considered the GAF of 43 assessed by the Plaintiff's mental health professional in 2015. (R. 30.)

7

The ALJ further noted that the Commissioner has declined to endorse GAF scores for use in Society Security and SSI disability programs. (R. 30–31.)

The ALJ's decision reflects an analysis of the entire available record. The ALJ reviewed Dr. Mayle's and Dr. Boen's mental examination findings, found that the limitations presented in these examinations were moderately abnormal, and noted that these examination findings more clearly expressed the Plaintiff's limitations than the GAF score snapshots. (R. 30–31.) The ALJ also mentioned that the GAF scores were inconsistent with certain treatment records, including one from April 2015 in which the Plaintiff self-reported her depression as mild to Philip Chase, MD. (R. 31, 894.) The Court is satisfied that the ALJ reasonably considered the available evidence and explained the reasons that the evidence did not support Dr. Boen's opinions on the Plaintiff's potential limitations.

The Plaintiff also asserts that the ALJ impermissibly analyzed Dr. Boen's examination findings and impermissibly compared these findings to Dr. Boen's own opinion regarding the Plaintiff's limitations. The Court disagrees. Under the applicable regulations, the ALJ must evaluate a medical opinion under a number of factors, including the evidence that supports the medical opinion and whether the medical source provided an explanation for the opinion. 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3) (2015). An ALJ does not "play doctor" when she finds a medical opinion internally inconsistent with the same medical source's examination findings, but rather she makes a legal determination on how best to weigh conflicting evidence. *Payne v. Colvin*, No. 4:15-CV-43, 2017 WL 655863, at *3 (N.D. Ind. Feb. 17, 2017). Here, the ALJ found that Dr. Boen's opinion was inconsistent with his own findings, which is substantial evidence to support the weight that the ALJ assigned to the opinion.

The ALJ was not alone in his determination that the limitations advanced by Dr. Boen and Dr. Mayle were inconsistent with the evidence. Dr. Kenneth Neville, a state agency psychological expert, reviewed Dr. Mayle's examination findings and concluded that the findings were not indicative of any functional limitations. (R. 783–96.) Two state agency psychological experts—William Shipley, Ph.D., and Stacia Hill, Ph.D.—opined that the GAF score assessed by Dr. Boen was not consistent with the totality of the evidence in the file. (R. 237, 261.) It is the ALJ's duty to weigh inconsistent evidence. Here, he considered the opinions of three different psychologists who reviewed Dr. Mayle's and Dr. Boen's examination reports. From this, the ALJ concluded that the limitations addressed in Dr. Mayle's and Dr. Boen's reports were not consistent with the record.

The Court is not persuaded by the Plaintiff's argument, and is satisfied that the ALJ permissibly weighed the evidence and drew conclusions supported by substantial evidence. The Court declines to re-weigh the evidence to draw its own conclusion.

## CONCLUSION

Accordingly, the Court AFFIRMS the decision of the Acting Commissioner of the Social Security Administration.

SO ORDERED on March 8, 2018.

                                                    s/ Theresa L. Springmann
                                                    CHIEF JUDGE THERESA L. SPRINGMANN
                                                    UNITED STATES DISTRICT COURT